## PARK v. CONLEY.

### (Circuit Court of Appeals, Eighth Circuit. November 6, 1912.)

### No. 3,629.

MORTGAGES (§ 517*)—FORECLOSURE SALE—INCREASED BID—JURISDICTION—COLLATERAL ATTACK.

A foreclosure decree directed a sale to pay $2,833.33, costs, and fees. On the sale the property was struck off to complainant for $250. On the master's report the sale was ordered confirmed, unless cause was shown to the contrary by respondents within eight days after the service of the order on them. No such copy having been served, complainant applied for leave to increase his bid to $3,000, which application was granted, and the master ordered to deliver a deed to him on the expiration of the period of redemption, whereupon intervener, as an alleged judgment creditor of the respondents, applied to redeem on payment of complainant's original bid with interest, etc. *Held* that, since the condition on which the confirmation of the sale for $250 was made to depend had not been performed prior to complainant's application to increase his bid, the court still had jurisdiction of the sale, and hence its order permitting the increase was not subject to collateral attack.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1519; Dec. Dig. § 517.*

Foreclosure in federal courts, see note to Seattle, L. S. & E. Ry. Co. v. Union Trust Co., 24 C. C. A. 523.]

Appeal from the Circuit Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Mortgage foreclosure proceeding by William T. Conley against Fred W. Keitel. From an order denying the right of Edwin H. Park,

an alleged creditor, to redeem, except on paying $3,000, with interest, he appeals.   Affirmed.

Edwin H. Park, of Denver, Colo., pro se.

Archibald A. Lee, of Denver, Colo., for appellee.

Before CARLAND, Circuit Tudge. and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge.   The facts in this case disclose that William T. Conley, being the owner and holder of a mortgage upon certain real estate owned by one Fred W. Keitel, brought an action to foreclose the same in the United States Circuit Court for the District of Colorado, against said Keitel and Selma Keitel, his wife, and on June 10, 1910, a decree was duly entered, finding that there was due on the notes secured by said mortgage the sum of $2,-833.33, and directing that, unless said amount, together with costs and an attorney's fee taxed in the sum of $200, be paid within 10 days thereafter, the real estate covered by said mortgage should be sold by a master named in decree, and the proceeds applied in payment of such amount.   The decree not having been satisfied by payment, the master, in the manner provided by law, advertised said premises to be sold on the 18th day of August, 1910, and on said day struck off the same to William T. Conley, the plaintiff in the action, for the sum of $250, he being the highest bidder therefor, and the master, pursuant to the order and decree, reported the same to the court. Whereupon, on August 25, 1910, the court entered the following order:

"This cause comes on now to be heard, Archibald A. Lee appearing as solicitor for the complainant, and thereupon, on his motion, it is ordered by the court that the master's report of the sale of the lands and premises in the decree of foreclosure herein stand in all things approved and confirmed, unless the respondents, or some of them, show cause to the contrary, within eight days after service of a certified copy of this order upon them."

The record does not disclose that any copy of the order, or even notice of said order, was served upon or given to the respondents, and on September 30, 1910, no objection having been made to the sale, William T. Conley, the complainant and purchaser, applied to the court for leave to increase his bid to the sum of $3,000.   The court permitted him, upon such application, to increase his bid to $3,000, and confirmed the sale to him in the sum of $3,000, and directed that the master execute and deliver to him, William T. Conley, upon the expiration of the period of redemption provided for by the statutes of Colorado, unless redeemed within said time, a proper deed of conveyance to said premises.   Neither the defendants nor any other person having applied to the court to redeem the premises from said sale, Edwin H. Park, on March 20, 1911, filed a petition in said court, in which, among other things, was the following statement:

"Your petitioner further shows that he is a judgment creditor of the respondent, F. W. Keitel, and desires to redeem from said sale and to subject the said property to sale under the judgment of your petitioner; that your petitioner's said judgment was obtained in the district court of the city and

county of Denver and state of Colorado. * * * Your petitioner further· now tenders into court the sum of money for which said property was sold by the said special master, to wit, the sum of $250, together with interest thereon at 10 per cent. per annum from the 18th day of August, 1910, to the present time, for the purpose of redeeming said lands aforesaid from the said sale so made by the special master aforesaid."

This petition came on to be heard on March 28, 1911, and the petition of said Park was denied, excepting upon the payment of $3,000, with interest at 8 per cent. per annum from September 30, 1910. Park, declining to pay said amount, his petition was denied, from which order and judgment of the court he brings this appeal.

A single question is presented, to wit: Under the facts as stated, was Park, being a judgment creditor, entitled to redeem said premises from said sale upon payment of the amount of $250, and interest, being the amount of Conley's bid at the master's sale, and was the judgment of the court, requiring him to pay the sum of $3,000, with interest, erroneous? This, in our judgment, depends upon whether or not the action of the court had on the 30th day of September, 1910, permitting the purchaser to increase his bid to $3,000, and confirming the sale as one for $3,000, was void. Had the sale, as reported by the master, for the sum of $250, been unconditionally confirmed by the court, or the condition upon which the confirmation was to take place been performed, then, we think, the sale would have been fully executed, and the court thereby have lost jurisdiction of the case. But it appears that the nisi order of confirmation, of date August 25, 1910, was not to take effect until eight days after the service of a certified copy of that order upon the respondents in the case. As before stated, the record nowhere shows, or contains any allegation, that such service was made. Hence the nisi order was ineffectual as a confirmation of the sale on September 30, 1910, and the court still had jurisdiction of the case. While it may have been irregular for the court to permit the purchaser to increase his bid, no appeal was taken from such order, and, the court having jurisdiction, it was not a void judgment, and hence is not subject to collateral attack in this proceeding. As said by this court, in Morrison v. Burnette, 154 Fed. 617–623, 83 C. C. A. 391, 397:

"The rule is without exception in the national courts, and it has been very generally adopted in the state courts, that the bidder at a sale by a master or receiver, under an order or decree which contemplates a subsequent report and confirmation of the sale, becomes a purchaser when the officer announces the sale to him. Thereafter he is liable for, and may be compelled to pay, the purchase price he bids. Thereafter he may be made to suffer the loss of the destruction or depreciation, and may be permitted to reap the profit of the appreciation, of the property. Nevertheless he buys subject to the confirmation or avoidance of the sale by the court, and as he is aware of this fact, and the court is selling the property of others, and is acting in the dual capacity of trustee for the owners and of a judicial tribunal, it is undoubtedly its duty, until confirmation, to exercise a wise judicial discretion to secure for the owners the largest price consistent with a just regard for the rights of the bidder. Hence, if a material advance in price is offered and secured by a deposit, or by a bond, before the sale is confirmed, the sale has sometimes been opened, further bids have been received, and a sale to the highest bidder has been confirmed. * * * But there is a marked and radical distinction between the situations, the rights of the parties, and the established

practice before and after the confirmation of the sale. The purchaser bids with full notice that the sale to him is subject to confirmation by the court, and that there is a power granted and a duty imposed upon the judicial tribunal, when it comes to decide whether or not the sale shall be confirmed, to so exercise its judicial power as to secure for the owners of the property the largest practical returns. He is aware that his rights as a purchaser are subject to the rational exercise of this discretion. But, after the sale is confirmed, that discretion has been exercised. The power to sell and the power to determine the price at which the sale may be made has been exhausted. From thenceforth the court and the successful bidder occupy the relation of vendor and purchaser in an executed sale, and nothing is sufficient to avoid it which would not set aside a sale of like character between private parties."

This rule we think clearly applicable, as showing that the sale was not a completed one, so that the court lost further jurisdiction until the sale was confirmed. Had a certified copy of the nisi order entered August 25, 1910, been served upon the respondents, and no objection made to the sale, it would have stood confirmed eight days after the service of such order. But that was a conditional order, not to become effective in any event until eight days after the service upon respondents of a certified copy of the order. Under the statute law of Colorado, the respondents were given six months from the time of the sale in which to redeem therefrom, upon paying the amount of the purchase price with interest thereon. If such redemption right was not exercised by respondents within six months, then any judgment creditor of the debtor could redeem, upon paying the like amount any time within three months thereafter, or within nine months from the date of the sale. It does not appear in the record that appellant, Park, was a judgment creditor, or even a creditor, of Keitel at the time the sale was made. Had he been a judgment creditor at that time, it is possible that he would have had such a right in the premises that he could have intervened and appealed from the order entered September 30, 1910, permitting the purchaser to increase his bid and confirming the sale. That question, however, is not before us, and hence one that we are not required to answer.

Our conclusion is that the court retained jurisdiction of the case until the sale was confirmed; that it was not confirmed until the 30th of September, 1910; that the order, permitting the purchaser to increase his bid, and confirming the sale for such increased amount, was within the jurisdiction of the court, and not void, and its correctness cannot be assailed by appellant, Park, upon an application to redeem.

The decree of the court below is therefore affirmed.